IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GERARD McCREE, | ) | |
| AIS #258156, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-650-MHT |
| | ) | (WO) |
| | ) | |
| J. CRABTREE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Christopher Gerard McCree, an indigent state inmate. In the instant complaint, McCree alleges that the defendants subjected him to malicious prosecution and violated his equal protection rights during proceedings which resulted in the revocation of his parole. Doc. 1 at 4. McCree bases his claims on the fact that parole officials did not revoke the parole of the white inmate, James Norsworthy, with whom he engaged "in a 'non-physical' altercation" while housed at the LIFE Tech Transition Center in Thomasville, Alabama. Doc. 1 at 4.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by McCree. The reports and evidentiary materials dispute the self-serving, conclusory allegations set forth in the complaint. Specifically, the defendants assert they did not act

in violation of the plaintiff's constitutional rights as the decision to revoke parole was not based on McCree's race but, instead, on video footage of the altercation "show[ing] that McCree forced Norsworthy into a corner and held him there by his chest and neck for five to ten seconds. [In addition, unlike Norsworthy,] McCree had violated multiple rules and had been warned that he would not be allowed to continue in the program if his behavior did not improve." Doc. 20-1 at 2. Finally, McCree and Norsworthy were not similarly situated with respect to their revocation status because only McCree's underlying conviction, first degree robbery, constituted a Class A felony such that the parole board had the authority to revoke his parole. Doc. 20 at 11-12.

In light of the foregoing, the court issued an order directing McCree to file a response to the defendants' written reports. Doc. 30. The order advised McCree that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 30 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 30 at 1 (emphasis in original). The time allotted McCree for filing a response in compliance with the directives of this order expired on March 21, 2018. As of the present date, McCree has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the

2

proper course of action at this time. Specifically, McCree is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, McCree's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by McCree, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure McCree's compliance would be unavailing. Consequently, the court concludes that McCree's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

    For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 18, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of April, 2018.

                                        /s/    Wallace Capel, Jr.
                                CHIEF UNITED STATES MAGISTRATE JUDGE